

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*Joseph Wenner*
*Assistant United States Attorney*
*Joseph.Wenner@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

*DIRECT: 443-831-6983*
*MAIN: 301-344-4433*
*FAX: 301-344-4516*

August 18, 2023

The Honorable J. Mark Coulson
United States Magistrate Judge
District of Maryland
101 West Lombard Street
Chambers 8D
Baltimore, MD 21201

      Re:    *United States v. Ronald Jones*
                 Case Number: JRR-23-038

Dear Judge Coulson:

      The government writes in advance of the detention hearing for the Defendant Ronald Jones to state that Mr. Jones should remain detained. Mr. Jones, indicted for being a felon in possession of a firearm, consented to detention at his initial appearance. He now proposes that he should be released to the custody of either his girlfriend or his mother pending trial. As stated below, the Court should keep Mr. Jones detained because clear and convincing evidence shows he remains a danger to the community.

I.      <u>Background</u>

      On the night of September 13, 2022, the Baltimore City Police Department was conducting surveillance using a CCTV camera at the intersection of North Avenue and Bloomingdale Road. From this camera, detectives had an unobstructed view of the 3100 block of W. North Avenue. Around 11:00 p.m., a detective observed Mr. Jones – on the 3100 block of W. North Avenue – approach an unidentified male and hand him one pink top tube and one blue top tube. After opening the tubes and smelling them, the unknown male handed one tube back to Mr. Jones. Mr. Jones wore a black cross-body bag at the time of this interaction. Thirteen minutes later, at approximately 11:13 p.m., the detective again observed Mr. Jones holding several similar tubes while still wearing the cross-body bag. The detective suspected that these tubes contained controlled substances.

**Figures 1 & 2:** *CCTV footage shows Mr. Jones (wearing the black baseball cap) handing an unidentified male two tubes and waiting while the male examines the tubes. The black cross-body bag Mr. Jones is wearing is circled in red.*




**Figure 3:** *CCTV footage shows the unidentified male return a tube to Mr. Jones.*

**Figure 4:** *CCTV footage shows Mr. Jones holding similar tubes – and wearing the black cross-body bag – minutes before his arrest.*




   The detective monitoring the CCTV notified other detectives operating a marked patrol vehicle in the area. These detectives responded to the 3100 block of W. North Avenue at approximately 11:15 p.m. A detective exited the vehicle and approached Mr. Jones, who was on the sidewalk and was still wearing the cross-body bag. As the detective advanced toward him, Mr. Jones fled on foot.

**Figure 5:** *Body-worn camera shows Mr. Jones fleeing from detectives while wearing the black cross-body bag.*



After a brief chase, detectives apprehended Mr. Jones in the middle of W. North Avenue. While Mr. Jones was being handcuffed by one detective, another detective immediately located Mr. Jones's cross-body bag (which was still strapped to Mr. Jones) and recovered one Glock Model 27 .40 caliber handgun, serial number BWHZ070, from the bag. The gun was loaded with 14 live .40 caliber rounds in a single magazine. All these events were captured on CCTV and body-worn camera.

**Figures 6 & 7:** *Body-worn camera shows detectives recovering a Glock Model 27 .40 caliber handgun from Mr. Jones – held in the black cross-body bag – during Mr. Jones's arrest.*

 

During the arrest, detectives also located in Mr. Jones's left pants pocket two pink top clear tubes and one blue top tube containing plant material suspected to be marijuana. Detectives also located and recovered from Mr. Jones's right pants pocket another pink top clear tube containing plant material suspected to be marijuana. Mr. Jones was also in possession of approximately $3,385.00 in U.S. currency in various denominations. Both the firearm and ammunition were manufactured outside of Maryland and traveled in interstate commerce prior to their recovery from Mr. Jones in Maryland on September 13, 2022. Mr. Jones is barred from possessing a handgun due to prior convictions for attempted burglary and 18 U.S.C. § 922(g), *See* Docket No.: 03K15001552 (Cir. Ct. of Md. for Balt. Cnty.); *United States v. Jones*, 16-cr-00341-JKB Dkt. 34.



**Figure 8:** *Items seized from Mr. Jones's possession during arrest.*

II.     Legal Standard and Procedure

Under 18 U.S.C. § 3142(f)(1), the Court must hold a detention hearing in a case that involves "any felony . . . that involves the possession or use of a firearm or destructive device." A felon alleged to be in possession thus warrants a detention hearing. *United States of Am. v. Riley*, No. 1:22-CR-163 (RDA), 2022 WL 7610264, at *4 (E.D. Va. Oct. 13, 2022) (quoting *United States v. Chappelle*, 51 F. Supp. 2d 703, 704 (E.D. Va. 1999)). Federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant "will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). A detention order issued on dangerousness grounds must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B).

The Court considers several factors in the detention analysis: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Evidentiary rules do not apply at detention hearings, and the government is entitled to present evidence by way of proffer or hearsay. *See* 18 U.S.C. § 3142(f)(2); *see also United States v. Williams*, 753 F.2d 329, 333-34 (4th Cir. 1985). The Court may solely rely upon evidentiary proffers at the detention hearing. *See Williams*, 753 F.2d at 331 n.7; *United States v. Hammond*, 44 F. Supp. 2d 743, 745 (D. Md. 1999).

III.  Discussion

The § 3142(g) factors all support Mr. Jones's continued detention. Together, they reveal a disturbing pattern of the defendant's repeat criminal violations involving the possession of guns and controlled substances. Mr. Jones's recurring inability to successfully comply with terms of court supervision is just as concerning. Ultimately, there are no possible conditions would ensure the safety of the community were Mr. Jones to be released.

A.  Nature and Circumstances of the Offense Charged

The nature and circumstances of the offense are extremely serious – and a case of déjà vu. Mr. Jones is charged with being a felon in possession of a firearm, which carries a statutory maximum sentence of 15 years imprisonment. *See* 18 U.S.C. § 924(a)(8). Nor is this the first time Mr. Jones has been charged with being a felon in possession of a firearm; this is his second such offense. And the facts of both cases are markedly similar.

He first pled guilty in the District of Maryland in 2016 to 18 U.S.C. § 922(g), for which he was sentenced to 30 months' imprisonment and five years' supervised release. *See* Judgment, *United States v. Jones*, 16-cr-00341-JKB Dkt. 34. Mr. Jones admitted to possessing a .22 caliber short gauge revolver while possessing a bag of controlled substances (cocaine and oxycodone). Plea Agreement, *Jones*, 16-cr-00341-JKB Dkt. 30. He was arrested for that offense only days after beginning a probationary sentence for attempted burglary. Pre-Plea Investigation Report, May 15, 2023 at 4 & 7 ("Pre-Plea Report").

Now, Mr. Jones finds himself facing the same charge again, with parallel facts and in a comparable context. Mr. Jones was arrested for the instant offense only two months after being released from state custody. Pre-Plea Report at 8-9. When detectives apprehended Mr. Jones, he had a .40 caliber Glock handgun in a cross-body bag while possessing suspected marijuana pre-packaged for individual sale. Further, CCTV captured Mr. Jones conducting a hand-to-hand transaction mere minutes before his arrest. Yet again, Mr. Jones has been caught illegally possessing both a weapon and suspected controlled substances.

### B.     Weight of the Evidence

The weight of the evidence against Mr. Jones is overwhelming. CCTV captured Mr. Jones wearing the black cross-body bag where he kept the .40 caliber Glock. CCTV and multiple body-worn cameras both captured Mr. Jones's arrest, including the moment when detectives retrieved the handgun from Mr. Jones. That firearm was test fired and – along with the 14 rounds of .40 caliber ammunition found in the firearm – traveled through interstate commerce. The copious footage of Mr. Jones committing the offense "weighs heavily against Defendant" and in favor of detention. *Riley*, 635 F. Supp. at 417.

### C.     The History and Characteristics of the Defendant

Mr. Jones has a documented history of criminal convictions and an inability to abide by court supervision. On January 6, 2016, Mr. Jones's began serving a suspended sentence and one-year probation for attempted burglary. Only fourteen days later, the defendant was arrested for illegally possessing a hand gun, as discussed above. This arrest obviously violated the terms of his probation. "The defendant also failed to notify his probation officer of his arrest related to his prior federal case, he failed to provide verification of gainful employment or enrollment in school, and he failed to pay any money towards his supervision fee of $600." Pre-Plea Report at 2-3. Defendant was detained pretrial for his federal case. Detention Order, *Jones*, 16-cr-00341-JKB, Dkt. 15 (Coulson, J.).

Mr. Jones pleaded guilty to § 922(g)(1), served his term of imprisonment, and began serving supervised release in October 2018. This did not go smoothly. As stated in the Pre-Plea Report, "the defendant refused to enter a program to help him find and obtain employment, and he refused to obtain employment" and "his substance abuse treatment and mental health treatment attendance was sporadic." Pre-Plea Report at 5. He also "missed 24 of 30 check ins" and took "photographs of himself with firearms" while on supervised release. VOSR Detention Order, *Jones*, 16-cr-00341-JKB, Dkt. 51 (Copperthite, J.). Mr. Jones's supervised release was revoked in July 2020 and he served a further six months in custody. He was released from federal custody in January 2021.

Over the next five months, Mr. Jones was arrested and charged in Maryland courts twice: first in February 2021 for possession of a controlled dangerous substance with intent to distribute, then again in May 2021 for multiple crimes related to the illegal possession of a handgun and distribution of controlled substances. Pre-Plea Report at 8-9. He was detained pretrial for the latter charges until July 12, 2022 when he was acquitted of several charges and the remainder were dismissed. *Id.* at 9. Despite being found not guilty of the handgun and drug distribution related offenses, it took the defendant only two months to be arrested for the instant offense on September 13, 2022.

This record shows that Mr. Jones has spent most of his life since January 2016 incarcerated following guilty pleas, arrests, and violations of court supervision. When he is released, Mr. Jones is repeatedly found among drugs and guns – regardless of any supervision terms or his prohibition to possess firearms.

D.  The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Defendant's Release

Mr. Jones has a history of committing felony crimes and interactions with law enforcement involving firearms and controlled substances. That history, combined with the allegations of the instant offense, suggests that his presence at home could attract a higher likelihood of violence to him and any others who visit. *See, e.g.*, *United States v. Hopkins*, No. 20-cr-237, 2021 WL 1164230, at *5 (D. Md. Mar. 26, 2021) (denying motion to revoke detention order for defendant, with a suitable custodian and expressed health concerns, charged solely under § 922(g)(1) because this would be his second felon in possession conviction and second violation of supervised release, making him "a serious danger to the community if released"); *United States v. Boykins*, 316 F. Supp. 3d 434, 437 (D.D.C. 2018) (rejecting pretrial release for defendant charged under § 922(g)(1) with two prior felony convictions involving a firearm and a pattern of noncompliance with supervised release conditions); *United States v. Davis*, No. 3:08-cr-260, 2009 WL 1606440, at *3 (W.D.N.C. Jun. 5, 2009) (denying motion to revoke detention for a § 922(g)(1) charge in part because defendant had an extensive criminal history that included drug use).

Moreover, Mr. Jones's background – including his pattern of noncompliance with the terms of supervised release and probation – and the current allegations "suggest Defendant may continue to engage in dangerous criminal behavior." *United States of Am. v. Riley*, No. 1:22-CR-163 (RDA), 2022 WL 7610264, at *5 (E.D. Va. Oct. 13, 2022); *see also*, *United States v. Moore*, No. 20-cr-430, 2021 WL 1017388, at *2 (D. Md. Mar. 17, 2021) (noting that for defendant charged solely under § 922(g)(1) with a loaded firearm, "[e]ven the strictest of conditions of release to include a third party custodian, electronic monitoring and related conditions are inadequate to ensure the safety of the community").

IV.  Conclusion

When considering all the applicable factors under 18 U.S.C. § 3142(g), there are no conditions of release that will reasonably assure the safety of the community were Mr. Jones to be released. For the reasons set forth above – the nature and circumstances of the offense charged, the weight of the evidence against Mr. Jones, his history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by his release – and others to be argued at the detention hearing, Mr. Jones should remain detained.

Respectfully submitted,

EREK L. BARRON
United States Attorney

By:  /s/_____
Joseph L. Wenner
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 18, 2023, a copy of the foregoing was filed to the CM-ECF system of the United States District Court for the District of Maryland for electronic delivery to all counsel of record.

                                                                     _____/s/_____
                                                                 Joseph L. Wenner
                                                                 Assistant United States Attorney